**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WESLEY MCINTOSH,<br><br>        Petitioner,<br><br>        v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>        Respondent. | NO. CV 09-0694 RGK (FMO)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

On January 29, 2009, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the Court hereby dismisses the Petition without prejudice.

**PRIOR PROCEEDINGS**

Petitioner is currently incarcerated at the Desert View Modified Community Correctional Facility in Adelanto, California. (Petition at 2). On or about February 26, 2008, following a jury trial in Los Angeles County Superior Court (Case No. BA332501), petitioner was convicted of the sale of a controlled substance, in violation of California Health & Safety Code § 11352(a). (Id.). On February 29, 2008, petitioner filed an appeal in the California Court of Appeal (Case No. B206367), which is currently pending. (Id. at 3); see also California Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov.

**PETITIONER'S CONTENTION**

Petitioner challenges his sentence, (Petition at 2), and raises the following claim for relief: petitioner is entitled to presentence credits for the time spent in custody prior to sentencing. (Id. at 5-5a).

**DISCUSSION**

I.   YOUNGER ABSTENTION.

"[I]n some circumstances[,] considerations of comity and concerns for the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power." Francis v. Henderson, 425 U.S. 536, 539, 96 S.Ct. 1708, 1710 (1976). Because a habeas petitioner may be acquitted at trial or prevail on appeal on some different ground, thereby mooting the federal issue raised in the habeas petition, abstention promotes both interests of comity and judicial economy. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983).

Under the Younger abstention doctrine, federal courts may not, barring extraordinary circumstances, stay or enjoin pending state criminal proceedings. Younger v. Harris, 401 U.S. 37, 45-46, 91 S.Ct. 746, 751 (1971); Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 816, 96 S.Ct. 1236, 1245 (1976); Kenneally v. Lungren, 967 F.2d 329, 331 (9th Cir. 1992), cert. denied, 506 U.S. 1054, 113 S.Ct. 979 (1993); see also World Famous Drinking Emporium, Inc. v. City of Tempe, 820 F.2d 1079, 1081 (9th Cir. 1987, as amended Aug. 12, 1987) ("When a case falls within the proscription of *Younger*, a district court must dismiss the federal action.") (internal quotation marks and citation omitted) (italics in original). Younger abstention is required if the state proceedings are: (1) ongoing; (2) implicate important state interests; and (3) afford the plaintiff an adequate opportunity to raise the federal issue. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.Ct. 2515, 2521 (1982); accord Canatella v. California, 404 F.3d 1106, 1109-10 (9th Cir. 2005).

All three of the Younger criteria are satisfied here. First, petitioner's direct appeal is currently pending before the California Court of Appeal. (See Petition at 3); see also Columbia Basin Apartment Ass'n v. City of Pasco, 268 F.3d 791, 801 (9th Cir. 2001) (under the first prong of the Younger test, state proceedings are deemed ongoing if the state court suit was pending at

1  the time of the federal suit's filing). Second, the state has an important interest in passing upon
2  and correcting violations of a defendant's rights. See Koerner v. Grigas, 328 F.3d 1039, 1046 (9th
3  Cir. 2003) ("'[E]xhaustion of state remedies [is] require[d to ensure] that petitioners fairly present
4  federal claims to the state courts in order to give the State the opportunity to pass upon and
5  correct alleged violations of its prisoners' federal rights.'") (quoting Duncan v. Henry, 513 U.S. 364,
6  365, 115 S.Ct. 887, 888 (1995) (per curiam)). Third, petitioner has an adequate state forum in
7  which to pursue his federal claims. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15, 107 S.Ct.
8  1519, 1528 (1987) (a federal court should assume that state procedures will afford an adequate
9  opportunity for consideration of constitutional claims "in the absence of unambiguous authority to
10 the contrary").

11     Because the Younger requirements are satisfied in the present case, abstention is required
12 unless extraordinary circumstances exist. See Younger, 401 U.S. at 45-46, 91 S.Ct. at 751;
13 accord Middlesex County Ethics Comm., 457 U.S. at 435, 102 S.Ct. at 2523. "[O]nly in the most
14 unusual circumstances is a defendant entitled to have federal interposition by way of injunction
15 or habeas corpus until after the jury comes in, judgment has been appealed from and the case
16 concluded in the state courts." Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam).
17 Abstention is not appropriate if the state proceedings are being undertaken in bad faith, to harass,
18 or are based on a "flagrantly and patently" unconstitutional statute or when the petitioner raises
19 a "colorable claim of double jeopardy" in a pretrial habeas petition. See Younger, 401 U.S. at 53-
20 54, 91 S.Ct. at 755; Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992), cert. denied, 506
21 U.S. 1048, 113 S.Ct. 964 (1993); Colorado River Water Conservation Dist., 424 U.S. at 816, 96
22 S.Ct. at 1245. Here, petitioner has not attempted to make any showing of extraordinary
23 circumstances indicating that he will suffer irreparable harm if the Court abstains until after he has
24 a chance to exhaust his state court remedies. (See, generally, Petition at 1-7).

25     In short, the Court concludes that Younger abstention is appropriate in this case. However,
26 the Court's decision does not bar federal review in the future; rather, it delays consideration of
27 petitioner's claim until such time as federal review will not disrupt the state judicial process. See
28

1  Neville v. Cavanagh, 611 F.2d 673, 675-76 (7th Cir. 1979), cert. denied, 446 U.S. 908, 100 S.Ct.
2  1834 (1980).

3  II.    THE PETITION IS PREMATURE.

4        Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a court may grant a petition for writ of habeas corpus with respect to a person incarcerated pursuant to a state court judgment only if "he is in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2254(a), and "has exhausted the remedies available in the courts of the State[.]" Id. § 2254(b)(1)(A). To satisfy the exhaustion requirement, a habeas petitioner must present his federal claims to the highest state court available, either on direct appeal or through collateral proceedings. Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005); Vang v. Nevada, 329 F.3d 1069, 1075 (9th Cir. 2003); Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002); Roberts v. DiCarlo, 296 F.Supp.2d 1182, 1186-87 (C.D. Cal. 2003); see also George v. Slayton, 1993 WL 181484, at *2-*3 (N.D. Cal. 1993) (prisoner claiming that his sentence has been improperly computed "must exhaust his state judicial remedies before [federal] court can address his claims[]"). In addition, "[t]o exhaust a federal claim in state court, a prisoner must 'give state courts a *fair* opportunity to act on [his] claims.'" Sanders v. Ryder, 342 F.3d 991, 998-99 (9th Cir. 2003), cert. denied, 541 U.S. 956, 124 S.Ct. 1661 (2004) (italics and brackets in original) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732 (1999)); see also Duncan, 513 U.S. at 365, 115 S.Ct. at 888 ("exhaustion of state remedies requires that petitioners fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights") (internal quotation marks, alteration and citation omitted).

23        Here, dismissal is appropriate because state court remedies are not exhausted. See Sherwood, 716 F.2d at 634 ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."); Drury, 457 F.2d at 765 (exhaustion of federal issue insufficient if criminal proceedings through direct appeal not yet complete); Murphy v. Wilson, 409 F.2d 840,

4

841 (9th Cir. 1969) (exhaustion requirement not satisfied "until the state appeal proceedings have been completed and a final state judgment has been entered[]"). Because the pending state court appeal may result in the reversal of petitioner's conviction and thereby moot his federal petition, petitioner must await the outcome of his direct appeal before his state remedies are exhausted.[1] See Neville, 611 F.2d at 675-76 (rejecting habeas petition as premature despite prior exhaustion of state remedies and petitioner's contention that indictment violated Interstate Agreement on Detainers Act, thereby stripping state of "power to prosecute").

Based on the foregoing, IT IS ORDERED that petitioner's action is **dismissed without prejudice**. Judgment shall be entered accordingly.

Dated: February 13, 2009

*[signature: Gary Klausner]*

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

---

[1] Until the state proceedings are concluded, a habeas petition in this Court is premature. After petitioner exhausts his state court remedies, he can file a new petition for writ of habeas corpus. He should not file an amended petition in this action nor should he use the case number from this action because the instant action is being closed today. When petitioner files a new petition, the Court will give the petition a new case number.

5